[No. 20700. Department Two. November 29, 1927.]

C. V. TAGGART, *Respondent*, v. BEN WHALEN et al., *Appellants*.[1]

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered December 23, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Poe, Falknor, Falknor & Emory*, for appellants.
*Crass & Hardin*, for respondent.

MACKINTOSH, C. J.—The jury found that the respondent and his Ford delivery truck were damaged in the amount of five hundred seventy-five dollars by reason of their coming into collision with the Cadillac stage operated by the appellants. The collision took place on the highway between Vancouver and Yacolt, the stage being driven towards Vancouver, and the truck entering upon the highway from in front of a garage, located about twenty feet distant from the highway.

As is not unusual in cases of this character, the appellants urge that there was not sufficient evidence to go to a jury tending to show their negligence; that, if the court should hold that they were mistaken in this, the evidence, as a matter of law, should be held to establish the respondent's contributory negligence; and further, that there was no evidence in the case sufficient to justify the submission of the doctrine of last clear chance to the jury.

[1]Reported in 261 Pac. 1119.

As is unusual in this character of cases, there is no objection made to any of the instructions given, nor is error predicated upon the refusal to give any proffered instructions. This case, then, requires nothing more than an examination of the evidence as to its sufficiency and weight.

As is usual in these cases, the testimony is in conflict; the speed, the position, the conduct of the respective drivers and the gyrations of the two machines, are described by different witnesses in different ways. After an examination of these descriptions, it is impossible for the appellate court to say that there was not enough evidence from which the jury was entitled to determine that the operation of the appellant's car was negligent; and it is equally impossible for the court to say, as a matter of law, that the respondent's conduct was negligent, and that it was the proximate cause of or contributed to the damage.

On the question of last clear chance, as already indicated, no exceptions were taken to the court's instructions; and under the evidence, the jury would have been justified in finding that, even conceding the respondent's negligence, ample opportunity was thereafter afforded appellants to have avoided the effect of it.

Upon the whole record, there are nothing but disputed questions of fact which, under proper instructions, were submitted to the jury, which arrived at the usual result.

The judgment is therefore affirmed.

FULLERTON, HOLCOMB, MAIN, and ASKREN, JJ., concur.